UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DANA L. ARCENEAUX | CIVIL ACTION NO. 07-1341 |
| | JUDGE MELANÇON |
| VS. | |
| | MAGISTRATE JUDGE METHVIN |
| COMMISSIONER, SOCIAL | |
| SOCIAL SECURITY ADMINISTRATION | |

*REPORT AND RECOMMENDATION*

On August 15, 2007, Arceneaux filed a Complaint, requesting that the Commissioner's unfavorable disability finding be reversed.[1] The Commissioner answered the Complaint on September 28, 2007.[2] A scheduling order was issued, setting November 27, 2007 as the deadline for appellant to file a brief in support of her social security appeal.[3] On November 27, 2007, plaintiff filed a motion for extension of time to file her brief.[4] The motion was granted and plaintiff's deadline for filing her brief was extended until January 26, 2008.[5]

Plaintiff did not file a brief, and therefore, on May 13, 2008, the undersigned issued an order requiring plaintiff to file her brief on or before May 26, 2008.[6] The order notified plaintiff that a failure to timely file a brief would result in a recommendation that the case be dismissed. To date, no brief has been filed.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 7.

[3] Rec. Doc. 8.

[4] Rec. Doc. 9.

[5] Rec. Doc. 10.

[6] Rec. Doc. 11.

2

Social Security appellants are required to set forth their grounds for appeal in the briefs submitted pursuant to the court's scheduling order.  Plaintiff in the case at bar has failed to present her grounds for appeal and has failed to comply with the court's scheduling order as extended and the undersigned's May 13, 2008 order.

Fed.R.Civ.P. 16(f) provides for the imposition of sanctions for violations of scheduling and pretrial orders of the court as follows:

> (f) Sanctions.
>
> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> * * *
> (C) fails to obey a scheduling or other pretrial order.

Under Rule 37(b)(2)(A)(v), the district court is specifically authorized to dismiss a claim.  Rules 16 and 37 set forth the court's discretionary power to control the expeditious disposition of docketed cases.  Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D.TX. 1998).

As detailed above, Arceneaux failed to comply with a court order requiring her to file a brief in support of her social security appeal.  Arceneaux was warned that failure to file the brief would be considered a withdrawal of her appeal, and it would be recommended that the appeal be dismissed.  Accordingly, dismissal is the appropriate sanction in this case.

Although dismissal with prejudice is an option, the law favors the resolution of legal claims on their merits.  In re Dierschke, 975 F.2d 181, 183 (5th Cir.1992).  Dismissal with prejudice is an "extreme sanction that deprives the litigant of the opportunity to pursue his claim." Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995).  The Fifth Circuit has articulated the following factors that must be present before a district court may dismiss a case

3

with prejudice as a sanction for violating that court's orders or rules: 1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; 2) a finding that lesser sanctions would be inappropriate or futile; and 3) the delay was caused by the plaintiff himself and not his attorney, or there was actual prejudice to the defendant, or the delay was caused by intentional conduct. Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir.1990).

Further, it is noted that "the district court is bound to impose the least severe sanction available." Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894 (5th Cir. 1997), citing Carroll v. Jacques Admiralty Law Firm, 110 F.3d 290 (5th Cir. 1997).

Although Arceneaux has clearly disregarded a court order, the "extreme" sanction of dismissal with prejudice is not the least severe sanction available.  It is therefore **RECOMMENDED** that Arceneaux's claims be dismissed without prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

4

**conclusions accepted by the District Court, except upon grounds of plain error.  See**

**<u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on June 5, 2008.

*[signature]*

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)